ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 11 2013

JAMES N. HATTEN, Clerk
BY: _____ Deputy Clerk

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREENLEAF, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION FILE |
| CHRISTOPHER RADKO, a/k/a ) | NO. |
| KRZYSZTOF RADKOWSKI, a/k/a ) | **1:13-CV-2308** |
| CHRISTOPHER RADKOWSKI, ) | |
| d/b/a GREENLEAF AND ) | |
| HUDSON ORGANICS, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Greenleaf, Inc. ("GLI"), by and through its attorneys, alleges the following for its complaint against Christopher Radko d/b/a Greenleaf and Hudson Organics ("Radko"):

## NATURE OF ACTION

1. This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., Georgia Trademark law and the common law of the State of Georgia.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and § 1367.

3. The actions of Defendant complained of in this Complaint have been and continue to be committed, at least in part, within the Northern District of the state of Georgia.

4. Upon information and belief, some or all of the tortious acts of Defendant complained of in this Complaint, including without limitation, the solicitation of funds for the sale of products similar in nature to the products of GLI using GLI's trademark, have been and continue to be committed within this judicial district. These actions further have caused harm or are likely to cause harm to GLI within this judicial district. Defendant has specifically announced its intent to attend an Atlanta Trade show, which occurs from July 10 through July 17, to market products using the Greenleaf trademark that are within the category of products protected by Greenleaf's trademark. Accordingly, personal jurisdiction exists over the Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d).

## PARTIES

6.  GLI has its principal place of business in Spartanburg, South Carolina. For over 20 years GLI has manufactured and sold commercialized home fragrance/gift products with its GREENLEAF Mark, becoming one of the largest home fragrance manufacturers in the United States with an international presence in over 80 countries for its well-recognized and highly regarded GLI products.

7.  Upon information and belief, Radko is an individual residing at 635 South Broadway, Tarrytown, New York 10591, and is the principal behind Greenleaf and Hudson Organics.

## THE GLI TRADEMARKS

8.  GLI registered its mark GREENLEAF in 2001 in International Classes 3, 5, and 20 [Registration No. 2,454,339 on the Principal Register], attached hereto as EXHIBIT 1, and its GREENLEAF mark and oval logo design in 2008 in International Classes 3, 4, 5, 11, 20, and 21 [Registration No. 3,418,861 on the Principal Register], attached hereto as EXHIBIT 2. See TRO Declaration of Robert Caldwell, Jr., attached hereto as EXHIBIT 3, at Paragraph 3 (hereinafter referred to as the "Caldwell Decl.").

9.  The '339 Registration attained incontestability status pursuant to 15 U.S.C. §1065 regarding the following classes of goods:

> International Class 3: all goods listed in the '339 Registration except for scented body sprays and bath oils;
>
> International Class 5: air fresheners and room deodorizers; and
>
> International Class 20: display racks.

See Declaration of Richard Moose, (hereinafter referred to as the "Moose Decl."), paragraph 12, attached hereto as EXHIBIT4.

10. GLI began marketing scents using the GREENLEAF Mark in 1984. Caldwell Decl., Par. 3. There are now over 400 products within the GREENLEAF Mark family of products sold in the United States and in many cases internationally (GREENLEAF Mark products are sold in over 80 countries across the globe). Caldwell Decl., Par 4. In 2012 GLI's expenditures for marketing its GREENLEAF Mark products was $2,118,589. Caldwell Decl, Par. 5. GLI's revenues from GREENLEAF Mark products exceeded $9,000,000 in 2012. Caldwell Decl., Par. 6

11. GREENLEAF Mark products are the mainstay of GLI's business. GLI has utilized front cover placement within high profile industry publications, such as *Gift Shop Magazine* to promote the products. Caldwell Decl., Par. 6.

12. GREENLEAF Mark products have been recognized in the industry as detailed in paragraph 7 of the Caldwell Decl., including being an "editor pick" in

*People, Instyle, Glamour, Modern Dog,* and *For the Bride.* GREENLEAF Mark products have been selected for Marquis placement on Times Square in association with New York Fashion Week and utilized as product giveaways to attendees.

13. These extensive marketing efforts and the demonstrated success those efforts have engendered has served to make the inherently distinctive GREENLEAF Mark uniquely associated with the quality products bearing that name commercialized by GLI.

14. GLI presents its products on a webpage, the home page of which appears on the following page:

Case 1:13-cv-02308-TCB   Document 1   Filed 07/11/13   Page 5 of 18



15.     GLI's products are exhibited throughout the website, including the a page which appears as the one below, depicting several of GLI's over 400 Greenleaf products:













## DEFENDANT'S INFRINGING ACTIVITIES

16. Radko has issued a press release, established a website, established a Facebook site, and announced to the world the upcoming debut of the Greenleaf & Hudson Wild Lavender line of scented products. GLI first learned of this planned event on July 3, 2013. Caldwell Decl., Par. 10. Thereafter, GLI acted diligently to communicate with Radko and demand that Radko honor GLI's trademark rights in the GREENLEAF Mark.

17. According to the Facebook page for Greenleaf & Hudson Organics, the page was set up on March 2, 2013 and contains the following entry for March 6, 2013:

> I welcome you to my new company's FaceBook page featuring the exciting introduction of LUXE SPA WILD LAVENDER by CHRISTOPHER RADKO. If you LOVE organic True LAVENDER as I do, please SHARE and LIKE this page. We are currently launching this premier collection in Bologna, Italy, at the annual European COSMOPROF trade show. This collection will be available in the United States, in better spas, hotels, and to interest fine gift shows later this spring. If you have a favorite retailer you like to shop with, please let them know about this. We're at www.GreenleafAndHudson.com.
>
> Thanks for joining us! It's particularly gratifying to know that your purchase, and 10% of my profits, support DOCTORS WITHOUT BORDERS. There is so much more good yet to come.
>
> ~Christopher Radko

18. The website supporting Radko's introduction is pictured below:

8



19. The announcement of Radko's return to the gift industry was made in *Gifts and Dec* on June 28, 2013, beginning as follows:

> IRVINGTON, NY - Christopher Radko has returned to the gift industry. Instead of the seasonal ornaments, which launched his career back in 1987, Radko is debuting, Wild Lavender, a collection of spa, personal care and home fragrance collection, under his new company, Greenleaf and Hudson Organics. The collection will debut at the Atlanta summer gift market, July 10-17.

20. Each of the new products offered by Radko infringe the GLI GREENLEAF Mark by the inclusion of the following Logo (also on the webpage):



21. Defendant's proposed use of the GREENLEAF Mark is commencing long after GLI adopted, began using, and registered the GREENLEAF Mark. Defendant is using the mark or products directly competing with GLI products in protected categories.

22. Defendant has been notified of GLI's rights and has failed to discontinue the use of the GREENLEAF Mark or otherwise respond to GLI's communication.

23. Defendant's infringing use of the GREENLEAF Mark enables Radko to directly benefit from the long-standing good will GLI has developed in the trademark.

24. Defendant's infringing use of the GREENLEAF Mark will confuse the public as to the source of the products so marketed.

25. As a result of Defendant's infringing use of the GREENLEAF Mark, GLI as well as GLI's customers will be irreparably harmed.

## COUNT I

### Infringement of Federally Registered Trademark
### Pursuant to 15 U.S.C. § 114

26. GLI repeats and realleges each of the foregoing paragraphs as though set forth fully herein.

27. Defendant has full knowledge and notice of GLI's rights in the GREENLEAF Mark. Furthermore, Defendant has constructive notice of the GREENLEAF Mark by virtue of the federal registrations. Defendant has nonetheless planned and scheduled activities and produced product in total disregard to GLI's rights. Defendant's planned product launch at the Atlanta Gift Show is scheduled to continue despite Defendant's knowledge that the use of the GREENLEAF Mark or colorable imitations thereof is in direct infringement of GLI's rights.

28. The use by Defendant of the GREENLEAF Mark is without the consent of GLI. Such use will cause actual confusion, mistake, or deception in the minds of the public who purchase products from GLI. In particular, Defendant's actions tend to and do falsely create the impression that Radko's products are sponsored or affiliated with GLI's products and reputation, when in fact they are not.

29. Such use by Defendant constitutes infringement of the registered GREENLEAF Mark in violation of 15 U.S.C. §1114.

30. Defendant's continued use of the GREENLEAF Mark is intentional and willful and for the purpose and intent of deceiving others with respect to the source, origin, sponsorship, or affiliation of Defendant's services and its

relationship with GLI so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. §1117.

31. Defendant's continuing acts of infringement will cause substantial and irreparable injury to GLI and will damage GLI's good will and reputation unless restrained by the Court.

32. As a direct and proximate result of the foregoing, GLI has suffered monetary damages in an amount to be determined at trial.

## COUNT II

### Federal Unfair Competition, False Designation of Origin, and False Description Pursuant to 15 U.S.C. § 1125(a)

33. GLI repeats and realleges each of the foregoing paragraphs as though set forth fully herein.

34. The GREENLEAF Mark is inherently distinctive and has come to be uniquely associated with GLI for the scented products GLI commercializes.

35. Defendant's use in commerce of the GREENLEAF Mark in connection with products within the protected categories constitutes unfair competition, false designation or origin, false advertising, and false or misleading description of fact that wrongly and falsely designates the services offered and provided by Defendant as originating from, or as being sponsored by, approved of,

13

licensed from, or otherwise connected with GLI in violation of 15 U.S.C. § 1125(a).

36. Defendant's foregoing unlawful actions are either calculated or likely to cause confusion and mistake or to deceive customers and the public as to the true affiliation, connection, or association of Defendant and GLI, all in violation of 15 U.S.C. § 1125(a).

37. Defendant's continuing acts of unfair competition will cause substantial and irreparable injury to GLI and will continue to damage GLI and its good will and reputation unless restrained by the Court.

38. As a direct and proximate result of the foregoing, GLI has suffered monetary damages in an amount to be determined at trial.

## COUNT III

### Common Law Unfair Competition

39. GLI repeats and realleges each of the foregoing paragraphs as though set forth fully herein.

40. Defendant, through the conduct described above, engaged in unfair trade practices and unfair completion.

41. Upon information and belief, Defendant has been producing and plans to distribute at the Atlanta Gift Show and across the United States products as

shown on its website and Facebook page bearing the logo pictured in paragraph 16 with the intent to misappropriate the labors and expenditures of GLI and to confuse or deceive purchasers as to the source or origin of the products carrying the infringing mark for Defendant's own unfair profit.

42. Defendant's conduct is likely to cause confusion or deceive purchasers of the products carrying the infringing mark as to the source or origin of the products.

43. Defendant has willfully and deliberately sought to benefit from, and to trade upon, the good works, good name, and good reputation of GLI, to GLI's financial damage and detriment, including by injuring and impairing the goodwill and reputation of GLI.

44. Defendant's unfair competition will continue unless enjoined by this Court.

## COUNT IV

### Georgia Fair Business Practices Act Violation

45. GLI repeats and realleges each of the foregoing paragraphs as though set forth fully herein.

46. The conduct described above affects commerce. This conduct constitutes unfair and deceptive acts and unfair methods of competition in violation of O.C.G.A. § 10-1-393, or such other applicable law.

47. As a result of the unfair and deceptive conduct described above, GLI will suffer damages in excess of any jurisdictional minimum of this Court.

WHEREFORE, Plaintiff demands as follows:

a. That a permanent injunction be issued restraining Defendant, its agents, servants, employees, successors, assigns, and all others in concert or privity with Defendant from infringing GLI's GREENLEAF Mark and from representing to the public any affiliation between its products of fragrance and Greenleaf (or Green Leaf);

b. That a temporary and preliminary injunction be issued until such time as a full trial on the merits of the permanent injunction can be held;

c. That Defendant be ordered to surrender to GLI all property, tangible and intangible, including all goods, merchandise, and materials which infringe upon the GREENLEAF Mark and all tooling, templates, patterns, or other means and media used by Defendant to portray its products as being affiliated with the GREENLEAF Mark;

d. That GLI be awarded actual damages and profits against Defendant in an amount to be determined and that GLI be awarded damages for Defendant's willful and intentional infringement of the GREENLEAF Mark;

e. That Defendant be required to pay treble damages for its willful violation of the Lanham Act, 15 U.S.C. §1125, or such other applicable law;

f. That Defendant be compelled to pay GLI's costs and attorney fees incurred in connection with this action;

g. That the case be tried before a jury; and

h. All other and further relief to which GLI may otherwise be entitled.

Respectfully submitted this 11th day of July, 2013.

/s/ Kirk W. Watkins
Kirk W. Watkins
Georgia Bar No. 740550
Marcy L. Sperry
Georgia Bar No. 455561
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017
(Tel) 404.888.7414
(Fax) 404.870.4836

*Attorneys for Plaintiff*
*Greenleaf, Inc.*

Of Counsel:

Richard M. Moose
Dority & Manning, P.A.
One Liberty Square
55 Beattie Place
Suite 1600
Greenville, SC 29601
(Tel) 864.271.1592
(Fax) 864.233.7342